08-1123-cv
*Green v. Webster*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of January, two thousand ten.

PRESENT:

> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> EDWARD R. KORMAN,
> > *District Judge.*[*]

---

PAMELA GREEN,

> *Plaintiff-Appellant*,

-v.-                                         No. 08-1123-cv

EDWIN W. WEBSTER, JR., in his individual capacity,

> *Defendant-Appellee*.

---

[*] The Hon. Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

DAVID SETH PUTTER, Montpelier, VT, *for Plaintiff-Appellant*.

JOSEPH A. FARNHAM (Kevin J. Coyle, *of counsel*), McNeil Leddy & Sheahan, P.C., Burlington, VT, *for Defendant-Appellee*.

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Plaintiff-Appellant Pamela Green ("Green") appeals from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*) entered February 7, 2008 granting summary judgment to Defendant-Appellee Officer Edwin W. Webster, Jr. ("Webster") of the Stowe, Vermont Police Department on Green's § 1983 false arrest claim. Green's lawsuit against Webster and various other defendants arose from Green's arrest while she was a guest at Topnotch Resort and Spa in Stowe, Vermont, in February, 2005. After the other defendants settled the case, the district court ruled that Green had failed to demonstrate that a material question of fact existed on the issue whether Webster had probable cause to arrest Green for possession of cocaine at the time of her arrest, even though subsequent events would demonstrate that the substance Green possessed was not, in fact, cocaine. *See Green v. Topnotch at Stowe*, No. 1:06-CV-96, 2008 WL 345886, at *3-4 (D. Vt. Feb. 7, 2008). The district court also concluded that Webster was entitled to qualified immunity. *Id.* We assume the parties' familiarity with the factual and procedural background of the case as well as the specification of the issues for review.

We review a district court's grant of summary judgment de novo, construing all facts in favor of the non-moving party. *See, e.g.*, *Caiozzo v. Koreman*, 581 F.3d 63, 68 (2d Cir. 2009). Summary judgment is appropriate upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The central issue on appeal is whether Webster had probable cause to arrest Green. A plaintiff may not recover for false arrest when the arresting officer had probable cause. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Probable cause to arrest "exists when one has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Williams v. Town of Greenburgh*, 535 F.3d 71, 79 (2d Cir. 2008) (quoting *Zellner v. Summerlin*, 494 F.3d 344, 368 (2d Cir. 2007)) (internal quotation marks and alterations omitted). Our inquiry focuses on the "facts known to the arresting officer at the time of the arrest." *Zellner*, 494 F.3d at 369 (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)) (internal quotation mark omitted). "[A] mistake about relevant facts . . . does not undermine the existence of probable cause." *Williams*, 535 F.3d at 79.

In this case Webster had probable cause to arrest Green. It is undisputed that at the time of Green's arrest Webster and his two colleagues agreed that the white powder found in Green's hotel room field-tested positive for cocaine. A reasonably trustworthy field test that returns a "positive" result for the presence of cocaine is a sufficient basis for probable cause. *See, e.g.*, *United States v. Uricoechea-Casallas*, 946 F.2d 162, 165-66 (1st Cir. 1991). Given this, to survive Webster's summary judgment motion Green had to demonstrate that a material question of fact existed as to whether the field test's result was "reasonably trustworthy information," *Williams*, 535 F.3d at 79,

3

*i.e.*, whether Webster had a basis for believing, at the time of Green's arrest, that the "positive" field test result was inaccurate or unreliable. Like the district court, we conclude that Green has not made such a showing.

Webster had no basis for believing that the field test was performed improperly. It is undisputed that Webster knew that Officer Christiensen, who performed the test, had field experience with cocaine arrests, Pl's Statement of Material Facts ¶ 20, and both officers testified that they had experience doing field tests for drugs, *id.* ¶¶ 12, 20. Webster asserted that Christiensen performed the field test on the white powder found in Green's room according to the test's instructions, Def's Statement of Facts ¶ 21; this assertion is confirmed by Christiensen's testimony that he "read the instructions as [he] was doing [the test] and did as the instructions indicated." Christiensen Dep. 13. Christiensen's testimony also described the proper sequence of steps required to perform the test correctly and the correct color changes that would result from a properly performed test. *Id.* 13-14.

Nor was there a material question of fact whether Webster had a basis for believing that the test did not in fact produce a positive result. Again, all three officers involved at the scene agreed at the time that the result was positive, and even the most ambiguous of the officers' reports, that of Officer Dougherty, records a color sequence that is consistent with a positive final result. Christiensen's report confirms this conclusion. Green points to the lack of a description of the full color-change sequence in any of the officers' reports, but none of the reports purports to describe the entire sequence of color changes that took place during the test, and all indicate that the test was positive at its conclusion. Moreover, as noted above, Christiensen testified that the correct color-change sequence took place. Dougherty further testified that he only recorded the "final result" of

4

what he saw and admitted that "other color changes" could have occurred prior to the final sequence that he did not record. Dougherty Dep. 39. Finally, although Green points to "exculpatory evidence" that should have suggested she was not guilty of a crime, Pl.'s Br. at 42, 56, none of this evidence at the time of the arrest would have tended from Webster's perspective to negate the reasonable probability, created by the positive field test, that Green was in possession of cocaine. *Cf. Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999); *Ricciuti v. N.Y. City Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest.").

We have considered Green's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____